**SO ORDERED.**

**DONE and SIGNED December 4, 2018.**



                                               **JOHN S. HODGE**
                                               **UNITED STATES BANKRUPTCY JUDGE**

___

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 14-10124 |
| | § | |
| Ester M. McCray | § | |
| | § | Chapter 13 |
| Debtor | § | |

### Order Denying Motion to Compel Turnover

Before the Court is the Motion to Compel Turnover of Property of the Estate (the "Motion") (Doc. No. 28) filed by the Chapter 13 Trustee. For the following reasons, the Motion is **DENIED**.

**I.**    **Jurisdiction, Core Status and Judicial Power to Enter this Order**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR

83.4.1. All claims presented to this Court are "core" pursuant to 28 U.S.C. § 157 (b)(2)(A), (E) and (O).

The Supreme Court's ruling in *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders. *BP RE, L.P. v. RML Waxahachie Dodge, L.L.C.,* 735 F.3d 279, 286 (5th Cir.2013) (" 'the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.' ") (quoting *Stern,* 131 S.Ct. at 2618); Thus, under *Stern*, in addition to determining whether each claim is core or non-core, this Court must also determine whether the underlying issue "stems from the bankruptcy itself or it would necessarily be resolved in the claims allowance process." *BP RE,* 735 F.3d at 286. Absent both statutory and constitutional authority, this Court may not enter a final order, and instead must issue proposed findings of fact and conclusions of law to be considered by the district court.

The issues presented in this case stem from the bankruptcy itself as a dispute regarding turnover of property of a bankruptcy estate can only arise in a bankruptcy case. Therefore, there are no *Stern* issues in this case.

## II. **Procedural Background**

On January 16, 2014 (the "**Petition Date**"), Ester M. McCray ("**Debtor**") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (Doc. 1). On June 4, 2014, this Court (Callaway, J.) entered an Order confirming the Plan (Doc. 35). The Plan was later modified by Order entered on April 25, 2016 (Doc. 52). By its

terms, the Plan required Trustee to make periodic payments to Caliber Home Loans, Inc. ("**Creditor**"), which held a claim secured by a first-priority mortgage on Debtor's principal residence. Trustee inadvertently overpaid Creditor by $521.84. To retrieve the overpayment, Trustee filed a Motion to Compel Turnover of Property of the Estate (Doc. 76). Creditor did not respond. Importantly, on January 26, 2018, a third party filed evidence and notice pursuant to Bankruptcy Rule 3001(e)(2) of the transfer of Creditor's claim to U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust, serviced by Select Portfolio Servicing, Inc. Trustee's motion was served on Creditor and the transferee of the claim and the servicing agent for the transferee. Trustee's motion, however, seeks a money judgment solely against Creditor, not the transferee of the claim.

At the hearing on the Motion, the Court advised that it was inclined to deny the relief requested because a turnover request against non-debtor parties must be made by a formal adversary proceeding, initiated by a *complaint* filed in accordance with the rules applicable to adversary proceedings. Fed. R. Bankr. P. 7001(1). At the hearing, counsel for Debtor asked for an opportunity to file a post-hearing brief in support of the Trustee's Motion. In her brief (Doc. 77), Debtor argues that Creditor impliedly waived the right to an adversary proceeding and impliedly consented to the entry of an Order granting the relief requested in the Motion because: (1) the evidence proves that Creditor received a copy of the Motion and Notice of Hearing and (2) Creditor failed to attend the hearing or file an objection. Debtor argues that an adversary proceeding under Bankruptcy Rule 7001 is not required and that a motion

under Bankruptcy Rule 9014 as a contested matter is sufficient to recover property from non-debtor third parties.

## III. Analysis

Bankruptcy Rule 7001(1) governs this dispute. This Court has a duty to enforce the Bankruptcy Rules as written. Although not statutory, the Supreme Court promulgated the Federal Bankruptcy Rules pursuant to authority granted by Congress under 28 U.S.C. § 2075. That statute provides, in pertinent part:

> **Bankruptcy rules**
> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.

28 U.S.C. § 2075.

Bankruptcy Rules have the force and effect of law. *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136 (1965) (addressing the service requirements of Fed.R.Civ.P. 4(d)(1) and referring to the identical language in the Rules Enabling Act applicable to the Federal Rules of Civil Procedure, 28 U.S.C. § 2072). Thus, "[w]hen a situation is covered by one of the Federal Rules, ... the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, [the U.S. Supreme] Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna,* 380 U.S. at 471, 85 S.Ct. 1136.

Similar to rules governing statutory construction, interpretation of the Bankruptcy Rules "begins where all such inquiries must begin: with the language of the statute [rule] itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241,

109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). "[I]t is also where the inquiry should end, for where, as here, the statute's [rule's] language is plain, the sole function of the courts is to enforce it according to its terms." *Id.* (internal quotation omitted). The plain language of Bankruptcy Rule 7001 requires an adversary proceeding to recover money or property from third parties who are not the debtor. Bankruptcy Rule 7001(1) provides in pertinent part: "... The following are adversary proceedings: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002." The Motion is an attempt to recover property from a third party, not the debtor, and does not involve abandonment of property under Bankruptcy Code § 554(b), disposition of property under Bankruptcy Code § 725, a debtor's transactions with an attorney under Bankruptcy Rule 2017, or an accounting by a prior custodian of estate property under Bankruptcy Rule 6002. Beyond doubt, the Motion falls within the general rule of an adversary proceeding for turnover of money or property.

It is settled law in the Fifth Circuit that a request for turnover of property or money from non-debtor third parties must be made by an adversary complaint instead of a motion. Long ago, the Fifth Circuit stated:

> Rule 7001 of the Bankruptcy Rules provides that an action by the Trustee against a third party for turnover relief pursuant to § 542 constitutes an adversary proceeding. *See* Fed. R. Bankr. P. 7001(1) (providing that a proceeding "to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee" constitutes an adversary proceeding); *Haber Oil Co. v. Swinehart (In re Haber Oil Co.),* 12 F.3d 426, 437 (5th Cir.1994) ("[A] proceeding to recover money or property is an adversary proceeding ...." (internal quotation marks omitted)). "Adversary proceedings

> are governed by Part VII of the Bankruptcy Rules, Bankruptcy Rule 7001, and the rules in Part VII generally 'either incorporate or are adaptations of most of the Federal Rules of Civil Procedure.' " *Id.* (quoting Fed. R. Bankr. P. 7001 advisory committee's note). ***As such, a request for turnover relief against someone other than the debtor must be commenced by complaint rather than by motion.*** *See* Fed. R. Bankr. P. 7003 (providing that an adversary proceeding "is commenced by filing a complaint with the court"); *In re Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990) ("A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated." (citations omitted)); *Smith v. Wheeler Tech., Inc. (In re Wheeler Tech., Inc.),* 139 B.R. 235, 240 (B.A.P. 9th Cir.1992) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint." (internal quotation marks omitted)); *Mayex II Corp. v. Du-An Prods ., Inc. (In re Mayex II Corp.),* 178 B.R. 464, 467 (Bankr.W.D.Mo.1995) (dismissing a motion for turnover relief on the ground that an action for turnover relief must be commenced by a properly filed and served complaint); *In re Taronji,* 174 B.R. 964, 966 (Bankr.N.D.Ill.1994) ( "Ordinarily, a trustee must bring a separate adversary proceeding in order to recover disputed property of the estate, but when the property is held by the debtor, the trustee may proceed by motion."); *In re Realty Southwest Assocs.,* 140 B.R. 360, 365 n. 2 (Bankr.S.D.N.Y.1992) ("Pursuant to 11 U.S.C. § 542, 'turnover' involves an action by the debtor or trustee to recover money or property to the estate. Such an action must be accomplished by adversary proceeding."). Here, the district court entered the Bankruptcy Turnover Order pursuant to a motion seeking turnover relief. Because the Trustee may only seek turnover relief from Mrs. Hinsley via a properly filed and served complaint in an adversary proceeding, the Bankruptcy Turnover Order is in no way binding upon her.

*In re Hinsley*, 149 F.3d 1179 (5th Cir. 1998) (emphasis added).

In *Hinsley*, the Fifth Circuit cited with approval the Seventh Circuit case of *In re Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990) holding that "A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated." Reading *Hinsely* and *Perkins* together, the Court must deny the turnover motion.

In her Brief, Debtor notes that the Fifth Circuit has ruled that a non-debtor third party may implicitly consent to litigating a turnover motion without the

necessity of an adversary proceeding in instances "when the court afforded them all the protections of an adversary proceeding yet they knowingly failed to litigate a Rule 7001 issue which they had an opportunity to litigate." *Zale Corp.,* 62 F.3d at 746, 763 (5th Cir. 1995); *see also In re Ulmer,* 1999 WL 1240788 (5th Cir.1999) (unpublished). In *Ulmer,* the bankruptcy court granted a motion for turnover of property that should have been brought as an adversary proceeding. *Id.* at *1. When the purported purchaser of the property objected, the Fifth Circuit held that he had "waived any objection because he had notice of the ... motion," had "failed to object until after [it] was granted," and "had been granted a hearing where he was given the opportunity to address the issues." *Id.*

Here, there is no evidence in the record to suggest that Creditor consented to the turnover motion other than its failure to file an objection or make any sort of appearance stating its opposition to the turnover motion. Unlike the situation in *Ulmer* where the creditor appeared in court and proceeded to fully participate in an evidentiary hearing on the issue, here Creditor has not participated in the instant dispute by any means whatsoever. Under these circumstances, the Court concludes that waiver has *not* occurred.

## IV. <u>Conclusion</u>

In the instant case, the Trustee seeks a money judgment against a non-debtor party by motion on only twenty-one (21) days' notice of hearing without the heightened procedural protections of a service of a summons and complaint in an adversary proceeding with thirty (30) days to respond after issuance of summons and

a schedule of pretrial proceedings if an answer is served and filed. Compare Federal Rule of Bankruptcy Procedure 9014 with Federal Rules of Bankruptcy Procedure 7001 *et seq*. Because the Trustee failed to file an adversary proceeding for turnover of property and money as required by Bankruptcy Rule 7001(1), the Motion is procedurally defective.

**ACCORDINGLY, IT IS ORDERED** that the Motion is denied without prejudice to the filing of an adversary complaint to seek relief sought by the Motion.

###